THE ROME LAND COMPANY *et al. vs.* EASTMAN *et al.*

1. A guardian or administrator cannot sell property of the estate, in in his hands as such, to carry out a private arrangement made beforehand.

(a) Especially is this true where land has been conveyed to a mother and her children "born and to be born"; where the mother is forty-three years of age; where a private arrangement is made by the mother and father of the children to sell the entire title, and the father, for the purpose of carrying out this arrangement, procures the guardianship of the children, obtains leave to sell their interest in the land, and actually sells it, at guardian's sale, to the mother; and where, by the execution of the arrangement, the mother is to receive from the party to whom the sale of the whole was to be made, more than twice as much as the children absolutely, and the use of the children's portion during her life.

2. Under the contract made by the party desiring to purchase the whole title, it had a right to a deed from the mother to her interest, and also to a deed from the children to their interest, and a tender on the part of the mother of a deed, purporting to convey the entire title. Such deed being executed by her alone, though made after her attempted purchase at the guardian's sale, was not a fulfillment of the contract.

May 14, 1888.

Guardian and ward. Guardian's sales. Public policy. Before Judge MADDOX. Floyd superior court. September term, 1887.

Florence W. Eastman, for herself, and her husband, E. N. Eastman, as next friend of their four minor children, brought their bill against W. P. Simpson, alleging as folows: Florence W. was the owner for life, and the four children owners in remainder, of a certain tract of land in Floyd county. Being so seized and desiring to make a

sale of it, Eastman made, on March 23, 1887, an agreement for its sale to Simpson, and he agreed to purchase it for $3,500, $2,500 to be paid when the deed was made and $1,000 within six months from the date of the agreement, without interest. The agreement contained a description of the property, and for a more definite description referred to the deed under which complainants held, and which is attached to the bill. Mrs. Eastman and her children have always been ready and willing to execute proper conveyance or conveyances of the premises, according to the terms of the agreement, upon payment of the balance of purchase money, after deducting $1,000 already paid, and in 1887 they offered good and sufficient deeds to Simpson if he would pay the balance of the purchase money, but he refused to do so and still refuses, although in possession of the property. On April 4, 1887, E. M. Eastman made application, according to law, to the court of ordinary to be appointed guardian for the four minors, and at the April term of that court he was so appointed. On April 5, as such guardian, he made application to the same court for an order for the sale of the children's undivided vested remainder interest in the property, which order was duly granted, due and legal advertisement made, and sale made by the guardian on the first Tuesday in June, 1887, of the undivided interests separately to the highest and best bidder, Florence W. Eastman, the price paid being $1,000, or $250 for the interest of each child. Then the guardian made four deeds to her, conveying one interest in each; and she made a fee simple warranty deed to Simpson and presented this chain of title, with her deed, to him and demanded payment of the balance of the purchase money; but he refused and still refuses to perform his part of the agreement. The prayer is, that the articles of agreement be specifically performed; that Simpson pay the balance due, complainants offering to convey him the property; and for general relief.

Afterwards complainants amended the bill as follows:

The minors and the subject-matter of the bill are located in Floyd county. The land is situated in an unfrequented dell, through which the Rome and Decatur Railroad runs for a distance of about three hundred yards, making a very ugly cut, and an embankment more than twenty feet high within fifty yards of the residence, and so cutting the land in parcels as to make it inconvenient to get from one portion to another, greatly injuring the property for the use of the family, and rendering it unfit for their residence. The ages of the children range from twelve to nineteen years, and they need to finish their education and to enter society, business, etc.; and it is greatly to their interest that the sale be consummated as agreed. As the life estate and the estate in remainder are now both united in Mrs. Eastman, would seem that a deed from her would be sufficient, but it as it may be advisable that a deed should again be made by her, complainants pray that the Rome Land Company (which had meantime been made a party defendant to the bill) be decreed to pay the balance of the purchase money, $1,500 of it and interest to Mrs. Eastman, and $1,000 to Eastman, as guardian of the children, the latter sum to be invested in real estate, to be held for the children according to the true intent of the original deed conveying them the remainder interest; that a deed be made by Mrs. Eastman to the company; and that the whole sum be paid to Mrs. Eastman to have the use of it during her life, and her estate at her death to be liable to pay the $1,000 to her children then living, they to have a lien on her property for that sum. Mrs. Eastman is a *bona fide* purchaser at the guardian's sale, without notice of any irregularity, fraud or imperfection therein.

Attached to the bill were the following exhibits:

(A) Deed dated March 23, 1875, from John W. H. Underwood to Florence W. Eastman, his daughter, and her children; consideration, "love and affection for his said daughter and her children or descendants of her children living at her death." The grant is, "unto said Florence

W. Eastman and her children born and to be born, and their heirs and assigns." The *habendum* and *tenendum* clause is, " unto them, the said Florence W. Eastman, wife of E. M. Eastman, and her children born and to be born to her, for life, and their heirs and assigns." The warranty is, " unto the said Florence W. Eastman, her children born and to be born as aforesaid, their heirs and assigns.

(B, C, D and E) Copies of the deeds made by E. M. Eastman as guardian for the children, to Mrs. Eastman, dated June 17, 1887, reciting a petition for sale filed April 5, 1887, an order granted at the May term, 1887, of the court of ordinary, legal advertisement for sale on the first Tuesday in June, 1887, and a sale on that day, the consideration recited in each deed being $250.

(F) Copy of a warranty deed executed on the     day of June, 1887, between Florence W. Eastman and W. P. Simpson, conveying the property in question for $3,500.

(G) Petition of E. M. Eastman for the guardianship of the minor children, stating that they have a remainder interest in the land valued at $1,000, dated April 4, 1887. Accompanying it is a request by three of the children, above the age of fourteen years, asking for the appointment of their father as guardian, and bearing the same date

(H) Order appointing Eastman guardian, April term, 1887.

(L) Petition of Eastman, guardian, for leave to sell all the remainder interest of the children, dated April 5, 1887, with an order for citation and publication bearing the same date.

(I) Order by the ordinary granting leave to sell, and stating that it appeared to be for the best interest of the minors that their interest should be sold ; also reciting that notice had been published as required by law; dated May term, 1887.

(K) Copy of the advertisement of the guardian's sale, stating that the property to be sold is the interest of the children in the property in question, and reciting the order

for sale of May 2, 1887.   It was to run four weeks, begin-
ning May 4, 1887.

It being represented to the court that Simpson acted only
as agent for the Rome Land Company, it was ordered that
that company be made a party defendant.

Simpson answered the bill, stating that he acted in the
purchase for the company, which was not then incorpo-
rated, but had been since; the fact of his agency being
known at the time to both complainants and the company.
He does not deny the validity of the contract, but denies
that he is liable individually, and states that he is informed
that complainants cannot make a good title, which is the
only reason why the company resists the execution of the
contract; also that the company is solvent, and able and
willing to perform the contract if the complainants can
make a good title.

The company answered as follows : Mrs. Eastman is
forty-two or forty-three years old, has four living children,
and her husband is still living; and other children may
be born to her hereafter.   The contract of purchase was
made by Simpson, acting as agent for the company, which
was known to all parties at the time.   $1,000 has been
paid on the contract, and the balance will become due
whenever complainants can legally make and do make to
the company a good title to the land, provided it is done
within a reasonable time.   They could not do so when the
contract was made and cannot yet, and good and sufficient
titles have never been tendered to respondents, nor have
they ever been in possession of the land, although the
family moved off of it some time after the contract was
made.   Whether, under the deed conveying the property
to Mrs. Eastman and her children, the children take as
tenants in common with their mother, or the mother takes
a life estate with a vested remainder in the children born
and to be born to her, is a question on which respondent
desires the judgment of the court.   If the children take
as remaindermen or as tenants in common, their interest

would be subject to open and let in any child or children that may hereafter be born to Mrs. Eastman, and unborn children are not represented in this case, there being no trust estate created by the deed; and should any child or children be hereafter born, no title to their interest would be conveyed by Mrs. Eastman's deed. The petition of the guardian for leave to sell was filed April 5, 1887, and the order for publication granted the same day; and the order granting leave to sell was passed on May 2, 1887, less than twenty-eight days from the date of the petition. Whether this affects the title which Mrs. Eastman claims to the minors' interest, respondent submits to this court; and also whether the interest of the children, if a remainder interest, can be sold by the guardian prior to the termination of the life estate, and whether, under the facts set forth in the bill, Mrs. Eastman owns the interest conveyed to the children. The company is willing to pay for the land, though the contract is signed by E. M. Eastman and not by any of complainants, if they can make a good title within a reasonable time. It denies its liability for interest until complainants can make the title, and its liability for costs.

By agreement, the cause was submitted to the chancellor without a jury, on the bill, exhibits and answers, and the following additional evidence: A certificate of the ordinary that the petition by the guardian for leave to sell was filed on April 5, 1887, the citation published the same day, and the order for sale taken May 3, 1887. Also an affidavit of Dr. Holmes, that he has been the physician of Mrs. Eastman for seventeen years; that she is forty-two or forty-three years old; that he was present at the birth of her last child; and that, as she had no children for twelve years, in his opinion she will not probably have any more.

The court decreed that the Rome Land Company specifically execute the contract; that Mrs. Eastman make a deed conveying to it the premises with warranty title (inasmuch as the whole legal title was vested in her), upon

payment of $2,500, for which judgment was rendered in her favor, with costs; that a lien be declared on the property that Mrs. Eastman may have at her death in favor of such child or children as she may then leave; that Eastman, guardian, and his security be held liable for the sum of $1,000 at the death of Mrs. East man; and that the title to the property be relieved of all equities and encumbrances and vest in the land company. The defendants excepted and make the following assignments of error:

(1). The title is not in Mrs. Eastman.

(2) Her children are tenants in common with her, and no such interest has been sold by the guardian.

(3) The order granting the guardian leave to sell was granted witho ut legal publication of the notice of the petition for it.

(4) The guardian, if the estate of his wards is one in remainder, was not in possession of it, and could not sell until the termination of the life estate and until he had possession.

(5) Other child or children may be born to Mrs. Eastman, and they are not represented in this case, and from the nature thereof could not be.

(6) A court of equity has no power to pass such a decree, under the facts.

(7) Defendants are not liable for costs.

DEAN & EWING and J. BRANHAM, for plaintiff in error.

UNDERWOOD & ROWELL, *contra.*

BLANDFORD, Justice.

John W. H. Underwood, the father of Mrs. Florence W. Eastman, made a deed by which, in consideration of "love and affection for his said daughter, and her children or descendants of her children living at her death," he conveyed certain land " unto said Florence W. Eastman and her children born and to be born, and their heirs and

assigns." Eastman, the husband of Mrs. Florence W. Eastman, made a contract with one Simpson, agent of the Rome Land Company, in which, on behalf of his wife and as next friend for his children, the children of Mrs. East-man, he agreed to sell this land to the Rome Land Company for $3,500. The company paid, under this agreement, the sum of $1,000 in cash. In order to carry out this contract, Eastman procured letters of guardianship for his children, and an order of the court of ordinary authorizing him to sell their remainder interest in this property; and a sale was accordingly had, and Mrs. Eastman became the purchaser of her children's interest for the sum of $1,000, none of which was paid. The Rome Land Company refused to take the property from her, having doubts as to the title being good. This bill was then filed by Mrs. Eastman for herself, and her husband as next friend of their minor children, to compel specific performance of the contract above referred to by the Rome Land Company.

Upon the trial of the case, the court decreed that the Rome Land Company specifically execute the contract; that Mrs. Eastman make a deed conveying to it the premises with warranty title (inasmuch as the whole legal title was vested in her), upon payment of $2,500, for which judgment was rendered in her favor, with costs; that a lien be declared upon the property that Mrs. Eastman may have at her death, in favor of such children as she may then leave; that Eastman, the guardian, and his security, be held liable for the sum of $1,000 at the death of Mrs. Eastman; and that the title to the property be relieved of all equities and encumbrances, and vest in the land company. This decree is excepted to by the Rome Land Company.

1. We think that the sale of the children's remainder interest by order of the court of ordinary, under the circumstances, was contrary to public policy and void. A guardian or administrator cannot sell property of the estate in his hands as such, to carry out a private arrange-

ment made beforehand, as in this instance. This court has held that "a private contract made with a guardian for the purchase of the ward's land for a stipulated price, at a future public sale, under a proper leave from the or, dinary, is contrary to public policy." *Downing et al. vs. Peabody, administrator*, 56 *Ga.* 40, and cases there cited. Code, §§1828, 2566. This case illustrates the necessity for the law. Here these children are deprived of their re, mainder interest in the property; their mother, who is forty-three years of age, gets all the property brings, except $1,000, which they are to get at her death, she hav, the use of it for her life. Under the facts in this record, the father could not make this sale to the wife, and we do not think that the wife got the title of the children in their remainder interest, and she was therefore in no condition to make a deed to this property to the land company.

2. We think, furthermore, that under the bargain made by this company, they had a right to a conveyance from the wife of her interest in the property, and the right also to a conveyance from the children of their interest in the property; and the tender on the part of Mrs. Eastman was not a fulfillment of that contract; and for that reason, they had a right to decline to take the deed.

We think, therefore, that the court erred in its decree requiring specific performance of this contract by the defendants.

Judgment reversed.