N. F. FRAZIER v. CLARA A. JEAKINS.

No. 364.   (63 Pac. 459.)

HUSBAND AND WIFE—*Real Estate — Guardian's Sale.* Since, under the law of this state, the wife's interest during marriage in the real estate of her husband, while a contingent one, is unquestionably property, the statutory incapacity of a guardian to become a purchaser at the sale of the ward's property is *held* to exclude the husband of a guardian from becoming such a purchaser.

Error from Butler district court; C. W. SHINN, judge. Affirmed. Opinion filed January 12, 1901.

*Buck & Spencer*, for plaintiff in error.

*Redden & Kramer*, for defendant in error.

The opinion of the court was delivered by

MILTON, J. : This is an action in ejectment brought by Clara A. Jeakins, in due time after attaining her majority, to recover the possession of an undivided

one-twelfth interest in certain lands in Butler county, and the rents and profits thereof. The plaintiff claimed title as one of the heirs of her mother, Serena J. Jeakins, who died in that county, intestate, in 1883. Her husband and six children survived her and one child died in infancy. In December, 1885, Mrs. Permilly Scheel, a sister of Mrs. Jeakins, was duly appointed guardian of the minor children of the deceased. The several interests of Mr. Jeakins and of the children, except those of the plaintiff and her sister Effie, were purchased by Mrs. Scheel between February 1, 1886, and October 22, 1889. At the time such interests were conveyed, it appears to have been the understanding that each of the children owned an undivided one-twelfth of the property. On November 5, 1891, Mrs. Scheel, as guardian of the persons and estates of Clara and Effie Jeakins, and acting under an order of the probate court, sold the undivided interests of the said wards at private sale to Carl Scheel for three-fourths of the appraised value of such interests, and on the same day Mrs. Scheel executed a deed therefor to the purchaser. In November, 1894, Mrs. Scheel and Carl Scheel, her husband, conveyed the entire property, by deed of warranty, to the defendant below. This action was begun on January 26, 1897.

The petition was in the ordinary form in ejectment, and the answer contained a general denial only. The defendant admitted knowledge of the fact that his title rested in part on the guardian's deed, and of the further fact that Carl Scheel and Permilly Scheel were husband and wife at the time that deed was made. It was not denied that they had borne that relation for many years prior thereto. The defendant paid full value for the land, and had occupied it for a little more than two years prior to the commencement

of this action. The verdict was in favor of the plaintiff for the recovery of an undivided one-fourteenth interest in the land described in the petition, and $90, her portion of the rents and profits.

While numerous questions are discussed by counsel, we find only one question for decision, and that is whether the court erred in instructing the jury as follows:

"4. Under the law of this state, a guardian has no right to directly or indirectly become the purchaser of real estate of the ward sold by such guardian. And in this case, if the land of the plaintiff was sold at guardian's sale to Carl Scheel, and said Carl Scheel at the time of the guardian's sale was the husband of the guardian, then the sale would be void as between the said Carl Scheel and this plaintiff. And if defendant, at the time he purchased the land, knew that Carl Scheel was, at the time of the guardian's sale, the husband of Permilly Scheel, the defendant's title would be void as against plaintiff.

"5. The purchaser of land must look to the title papers under which he purchased, and he is chargeable with notice of the facts appearing upon their face, and also with knowledge of the facts suggested therein which he might, with the exercise of reasonable prudence and diligence, have ascertained. And in this case, if you believe the facts recited in defendant's title papers were such as would have suggested to a reasonable man that Carl Scheel and Permilly Scheel were husband and wife at the time of the purchase at guardian's sale by Carl Scheel, then defendant would be chargeable with notice of that fact.

"6. The conveyances by Permilly Scheel, guardian, to Carl Scheel, and from Permilly Scheel and Carl Scheel to defendant, are *prima facie* valid, and the burden of proof is upon the plaintiff to show that defendant, at the time he received the conveyance from Permilly Scheel and Carl Scheel, knew that at

the time of the guardian's sale said Permilly Scheel and Carl Scheel were husband and wife, or that the recitals in defendant's title papers were such as to suggest that fact to a reasonable man, and such as would have put a person of ordinary prudence upon inquiry as to that fact; and unless plaintiff does show these facts, you should find for defendant.''

The statute (Gen. Stat. 1897, ch. 108, § 17; Gen. Stat. 1899, § 3180) provides that the same rules that are prescribed for the sale of real property by executors and administrators shall be observed in sales by guardians, and as to sales by executors and administrators it is provided (Gen. Stat. 1897, ch. 107, § 132; Gen. Stat. 1899, § 2818) that the executor or administrator shall not, directly or indirectly, become the purchaser of the real estate sold; also (Gen. Stat. 1897, ch. 107, § 133; Gen. Stat. 1899, § 2820), that the executor or administrator shall make return of the proceedings under the order of sale to the court, which report shall be verified by affidavit, stating that he did not, directly or indirectly, purchase such real estate, or any part thereof or any interest therein, and that he is not interested in the property sold except as stated in the report. Such an affidavit, made by Mrs. Scheel, accompanied her report of the sale in the present case. She was then the owner of ten-twelfths of the land in question, and her husband, through that sale and the deed made thereunder, became the owner of the remaining two-twelfths. It does not appear from the record that the fact of their relationship was known to or considered by the probate court. It is clear that if Mrs. Scheel was directly or indirectly interested in the property sold by her as guardian to her husband such sale was clearly illegal, and an illegal

sale made by a guardian of a ward's property cannot be upheld as against the claim of the ward, seasonably made, unless it appears that the rights of innocent third persons would be injuriously affected by setting aside the sale.

In the case of *Bassett v. Shoemaker*, 46 N. J. Eq. 538, 20 Atl. 52, which was a case where the wife of an executor had purchased through a third person certain land belonging to the trust property sold at the executor's sale, the court said :

"The incapacity of the trustee to become the purchaser at his own sale rests upon the ground of public policy.    It is wholly immaterial whether the property brings its full value.    (*Culver v. Culver*, 11 N. J. Eq. 215 ; *Mulford v. Bowen*, 9 N. J. Eq. 797.)    The exclusion of the wife as a purchaser, where the husband sells as a trustee, is not so much for the reason that he may subsequently become entitled to some interest in her land, as on account of the unity that exists between them in the marriage relation.    The case falls clearly within the spirit of the principle which excludes the husband himself."

See, also, *Davoue v. Fanning*, 2 Johns. Ch. 251.

In the present case the purchaser of the ward's interest in the land was the husband of the guardian who made the sale, and by such purchase he became a tenant in common with his wife, the guardian, in the ownership of the estate, of which they held apparently the entire title.    We think the guardian thus became interested in the property sold beyond the law's permission.    As to the general incapacity of one who sells property in the discharge of a trust to purchase the same, directly or indirectly, see the following : *Michoud v. Girod*, 4 How. 503, 11 L. Ed. 1076 ; *Gardner v. Ogden*, 22 N. Y. 327 ; *Riddle et al. v. Roll,*

24 Ohio St. 527; *Rome Land Co. v. Eastman*, 80 Ga. 690, 6 S. E. 586; *Hoffman v. Harrington*, 28 Mich. 90.

The decision by the supreme court of this state in the case of *Webb v. Branner*, 59 Kan. 190, 52 Pac. 429, rests on the same principle that underlies the foregoing. In that case the action was by a ward to recover an undivided interest in a lot in the city of Topeka. The facts in the record showed that the administrator, who was also the guardian of the plaintiff, had by means of a third person become the purchaser of the property, the intermediary having paid no consideration at the administrator's sale. The court said:

"It was shown that a fair price was obtained for the lot; but there being a manifest conflict between the duties of the trustee and his personal interests, the courts, for the purpose of removing all opportunities for frauds, generally hold such transfers to be void, whether they appear to be fair or not. The general rule is that the trustee is disabled from purchasing trust property, whether the purchase was made directly by himself or through another; and besides we have legislative prohibition."

In addition to the foregoing, it may properly be observed that in this state the husband and wife have an interest, either direct or indirect, in each other's real estate. In the case of *Busenbark v. Busenbark*, 33 Kan. 572, 577, 7 Pac. 245, it was said:

"A wife residing in this state is entitled, upon the death of her husband, to the half of all the real estate owned by him during marriage which has not been sold on judicial sale and is not necessary for the payment of debts, and of which the wife has made no conveyance; so that there is an inchoate interest to the extent of one-half given to the wife in the real estate of her husband. It is true that this interest in the real estate of her husband is inchoate and uncer-

tain, yet, according to the authorities, it possesses the element of property. . . . We now go further, and declare that although the wife's right and interest in the real estate of her husband not occupied as a homestead is inchoate and uncertain, yet it possesses the element of property to such a degree that she may maintain an action during the life of her husband for its protection, and for relief from fraudulent alienation by her husband.''

In *Munger v. Baldridge*, 41 Kan. 236, 243, 21 Pac. 159, where the wife had given the husband a power of attorney authorizing him to convey her inchoate interest in his real estate, the court said :

''The interest of a wife in the real estate of her husband during marriage is a contingent one, it is true, but it is unquestionably property, and no reason has been advanced why she may not employ the husband to act for her and in conjunction with himself convey it away.''

In *Warner v. Broquet*, 54 Kan. 650, 39 Pac. 228, it was declared that both husband and wife have an interest, either direct or indirect, in each other's real estate.

The facts in the record show that Frazier purchased the land from Mrs. Scheel and her husband with knowledge that the latter's interest therein had been acquired under the sale made by Mrs. Scheel as guardian, and that his grantors were husband and wife at the time of that sale. His title papers also were sufficient to charge him with notice of the transaction whereby Carl Scheel became the purchaser of an interest in the land.

''A purchaser of land must look to the title papers under which he purchases ; and he is chargeable with notice of the facts appearing upon their face and also with the knowledge of all facts suggested therein, and

which, with the exercise of reasonable and prudent diligence, he might have ascertained." (*Knowles v. Williams*, 58 Kan. 221, 48 Pac. 856.)

In view of all of the foregoing, we hold that the court did not err in giving or refusing instructions, that the verdict and the judgment thereon are supported by the proven facts and by the law, and that the question as to the jurisdiction of the court to render the judgment does not properly arise upon the record.

The judgment of the district court is affirmed.